UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN VINSON,

    Plaintiff,

v.                                                                                 Case No. 2:10-cv-34
                                                                                 HON. ROBERT HOLMES BELL

UNKNOWN SCHERTZ, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Calvin Vinson, an inmate currently confined at the Alger Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Sergeant Schertz and Officer Briggs. Plaintiff's complaint alleges that on February 14, 2008, defendant Briggs, while passing out food trays, ordered plaintiff to put his hands on the wall and knees on the bed. Plaintiff alleges that defendant Briggs stated, "Love a good ass shot! Your black ass is just as good as a white ass." Plaintiff asserts that he was not on top restraint or being disruptive and this was simply sexual harassment in violation of plaintiff's Eighth Amendment rights.

Plaintiff wrote a grievance against defendant Briggs on February 16, 2008, for sexual harassment and degrading behavior. Defendant Schertz visited with plaintiff on March 12, 2008, to review the grievance. Defendant Schertz wrote plaintiff a misconduct ticket after plaintiff stated to defendant Schertz, "First chance I get I'm going to fuck you up, bitch" Plaintiff states that he did not threaten defendant Schertz. Plaintiff states that he tried to talk to defendant Schertz about the misconduct ticket on March 13, 2008. Defendant Schertz simply told plaintiff that Officer Briggs

said "I lose again." Plaintiff wrote a grievance on defendant Schertz for conspiracy to retaliate. Plaintiff asserts that defendant Schertz issued the misconduct ticket solely because plaintiff had filed a grievance on defendant Schertz's friend, Officer Briggs. Plaintiff asserts that both defendants knew that plaintiff would lose at the misconduct hearing stage, because hearing officers always believe the officers and not the prisoners. Plaintiff was found guilty of both misconduct tickets.

Plaintiff requests a trial on all factual issues, and nominal damages of $150.00 from each defendant. Plaintiff requests punitive damages of $7,500.00 from each defendant, costs and any additional relief that is proper and equitable. Defendants move for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir.

1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff asserts that defendant Briggs's conduct in making sexually harassing comments to him, violated plaintiff's Eighth Amendment rights. Defendant Briggs, denies making the alleged statements. Accepting plaintiff's facts as true, the harassing statements do not rise to the level of an Eighth Amendment violation. Use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits); *Violett v. Reynolds,* No. No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997)(verbal harassment is insufficient to state a claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

Plaintiff claims that defendant Schertz issued a misconduct ticket in retaliation for the grievance that plaintiff wrote on defendant Briggs. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Schertz states that he was aware of the grievance that plaintiff had filed against defendant Briggs because he was reviewing that grievance with plaintiff at the time the asserted misconduct occurred. Defendant Schertz maintains that he would have issued the misconduct regardless of the fact that plaintiff had filed a prior grievance, and would have issued the misconduct to any prisoner that made a threatening statement. According to defendant Schertz, plaintiff cannot establish that the adverse action of issuing the misconduct was motivated by plaintiff's protected conduct. Plaintiff denies making a threatening statement to defendant Schertz. The hearing officer explained the reasons for the guilty finding:

> WITNESSES: On 3/14/08 the hearing investigator contacted the prisoner. The prisoner did not make any request for witnesses. On 3/17 the hearing investigator again contacted the prisoner and requested the prisoner's statement. Prisoner had three days to prepare his statement but did not have it completed. Prisoner again did not request any witnesses. When the hearing investigator contacted the prisoner the third time on the 18th, the prisoner requested two

witnesses. Both of these witnesses lock next door to the prisoner. The hearing investigator did not contact these witnesses. Hearing Officer is finding that it was not necessary for the hearing investigator to contact the prisoner's witnesses. This would have required a fourth trip to the prisoner's cell for statements that the prisoner could have requested directly from his own witnesses as they locked right next door to him. Prisoner was given a hearing date of 3/14/08 and should have been prepared for his hearing by that date. Prisoner's late request for witnesses is seen as a means of unnecessarily delaying the hearing process.

THREAT: On 3/12/08 the prisoner stated to the officer, "Fuck you, Schertz. First chance I get, I'm going to fuck you up, bitch." This expressed the intent to physically assault the sergeant. Prisoner intended to cause fear of physical harm in the sergeant as he directed his comment to him during a grievance review. Prisoner claims that the sergeant fabricated this misconduct report because he filed grievances against an officer. he claims that was proved when the sergeant made no mention of the threat in his grievance response. It is true that the sergeant did not mention the threat in the grievance, but that was not required to be placed in the grievance. As to the sergeant fabricating the misconduct report, the prisoner is not believed on that account. Grievances are routine in segregation. The prisoner is not believed that the sergeant would fabricate a misconduct report over a grievance written on another person. Reporting staff member factual and is credible as to what occurred. Charge upheld.

Plaintiff argues that since the same hearing officer on July 12, 2009, dismissed a misconduct ticket written by defendant Briggs on another prisoner for threatening behavior, the misconduct issued by defendant Schertz more than one year earlier must have been issued in retaliation for his grievance filings.[1] The fact that another prisoner's misconduct ticket was dismissed over one year later on a completely unrelated charge of threatening behavior has nothing to do with plaintiff's March 12, 2008, misconduct ticket. Plaintiff cannot use a misconduct ticket and hearing result from another prisoner to support his claim that retaliatory conduct occurred when

---

[1] Plaintiff has attached the misconduct hearing report on a misconduct received by prisoner Garrett to plaintiff's affidavit in support of his responsive pleading.

his March 12, 2008, misconduct ticket was issued. In fact, the only evidence that can be shown by the other prisoner's dismissed misconduct ticket is that hearing officers do not always find prisoners guilty as asserted by plaintiff. Plaintiff has failed to provide the Court with evidence that the actions of defendant Schertz were motivated by plaintiff's protected conduct. In the opinion of the undersigned, plaintiff's retaliation claim against defendant Schertz should be dismissed.

Defendants alternatively move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id.* As previously discussed, because plaintiff cannot establish that his constitutional rights were violated, defendants are entitled to qualified immunity.

Accordingly, it is recommended that defendants' motion for summary judgment (Docket #13) be granted and this case be dismissed in its entirety.[2]

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: February 11, 2011

---

[2] To the extent that Plaintiff is suing the individual Defendants in their official capacities, such claims are barred by the Eleventh Amendment. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989) (claims against a state agency or an official in his/her official capacity are claims against the state, and are not claims against a "person" subject to Section 1983 liability); *Frederick v. Abramajtys*, No. 94-1935, 1995 WL 564321, **1 (6th Cir. Sept. 21, 1995) (unpublished).